792 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BLACKFIRE ENTERPRISES, INC., AND G & R COAL COMPANY, Respondents.
 85-5269
 United States Court of Appeals, Sixth Circuit.
 4/1/86
 
 ORDER ENFORCED
 N.L.R.B.
 AMENDED JUDGMENT ENFORCING AN ORDER, AS CORRECTED, OF THE NATIONAL LABOR RELATIONS BOARD
 Before: KENNEDY, CONTIE, and MILBURN, Circuit Judges.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondents, Blackfire Enterprises, Inc., and G & R Coal Company, their officers, agents, successors, and assigns, enforcing its order dated 17 October 1984, as corrected, in Case No. 9-CA-20888-1-2, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondents, Blackfire Enterprises, Inc., and G & R Coal Company, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Threatening to discharge employees because of their union activities.
 
 
 4
 (b) Threatening employees with discharge if employees attempt to enforce the terms of a collective bargaining agreement.
 
 
 5
 (c) Warning employees that other employees have been laid off because they concertedly complained about working conditions.
 
 
 6
 (d) Laying off and/or terminating employees because they join, support, or assist a union, and engage in concerted activities for the purposes of collective bargaining or other mutual aid or protection, and in order to discourage employees from engaging in such activities or other concerted activities for the purposes of collective bargaining or other mutual aid or protection.
 
 
 7
 (e) Refusing to process grievances of the employees according to a collective bargaining agreement and informing employees that if they persist in filing grievances, the Respondents' operation will close.
 
 
 8
 (f) Refusing in the operation of their business and/or resumption thereof to recognize and to bargain collectively with the Union as the exclusive representative of all their employees employed at the Estill, Kentucky, mine.
 
 
 9
 (g) In any other manner interfering with, restraining or coercing its employees in the exercise of their rights to self-organization, to form labor organizations, to join or assist the United Mine Workers of America or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purposes of collective bargaining or other mutual aid or protection, or refrain from any and all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a)(3) of the Act.
 
 
 10
 2. Take the following affirmative action necessary to effectuate the policies of the National Labor Relations Act, as amended:
 
 
 11
 (a) On request, bargain collectively with the Union as the exclusive bargaining representative of the employees in the following appropriate unit:
 
 
 12
 All its production and maintenance employees employed at the Estill, Kentucky mine facility, excluding coal inspectors, watchmen, clerks, engineers and technical employees, and all guards and supervisors as defined in the Act.
 
 
 13
 (b) Process grievances filed by employees in the unit under the collective bargaining agreement between Respondents and the Union.
 
 
 14
 (c) In its business operations, offer to Don Combs, Jim Craeger, Rick Huff, Jeff Jones, Wayne Pigman, Glen Slone, Drew Blair, Paul Blair, Freddie Hitchcock, Ed Ratliff, Henry Ratliff, and Kenneth Ratliff immediate and full reinstatement to their former jobs or, if their jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, and make them whole for their loss of earnings in the manner set forth in the Section of the Administrative Law Judge's Decision entitled 'Remedy.'
 
 
 15
 (d) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll and records, social security payment records, time cards, personnel records and reports, and all other records necessary or appropriate to determine the amount of backpay or other amounts due.
 
 
 16
 (e) Post at their mine property in Estill, Kentucky, copies of the attached notice, marked 'Appendix.' Copies of said notice, on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being duly signed by an authorized representative of the Respondents, shall be posted by Respondents immediately upon receipt thereof, and be maintained for 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondents to insure that said notices are not altered, defaced, or covered by other material.
 
 
 17
 (f) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps Respondents have taken to comply with these terms.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 18
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 19
 APPEALS ENFORCING AN ORDER, AS CORRECTED, OF THE
 
 NATIONAL LABOR RELATIONS BOARD
 AN AGENCY OF THE UNITED STATES GOVERNMENT
 
 20
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post this Notice and abide by its terms.
 
 
 21
 WE WILL NOT threaten employees with discharge because of their union activities.
 
 
 22
 WE WILL NOT threaten employees with discharge if they attempt to enforce the terms of a collective bargaining agreement.
 
 
 23
 WE WILL NOT inform employees that other employees have been laid off because they concertedly complained about wages, hours, and working conditions.
 
 
 24
 WE WILL NOT inform employees that their recall from layoff is conditioned upon abandoment of their support for a union.
 
 
 25
 WE WILL NOT deal directly with our employees, bypassing their established collective bargaining representative, concerning terms and conditions of employment.
 
 
 26
 WE WILL NOT unilaterally change conditions of employment while bypassing the established collective bargaining representative of our employees.
 
 
 27
 WE WILL NOT, in any like or related manner, interfere with, restrain or coerce our employees in the exercise of rights guaranteed in Section 7 of the Act.
 
 
 28
 WE WILL NOT refuse to bargain with the United Mine workers of America, District 30, as the collective bargaining representative of our employees in the following unit:
 
 
 29
 All production employees employed by Respondent at their Estile, Kentucky facility, but excluding coal inspectors, watchmen, clerks, engineering and technical employees and all guards and supervisors as defined in the Act.
 
 
 30
 WE WILL NOT refuse to process grievances filed by the employees in the unit under the collective bargaining agreement between the Union and ourselves.
 
 
 31
 WE WILL NOT refuse to adhere to the terms of the collective bargaining agreement between the Union and ourselves, by refusing to abide by the wage and benefit provisions of the collective bargaining agreement.
 
 
 32
 WE WILL NOT lay off or discharge employees because of their union activity.
 
 
 33
 WE WILL reimburse all employees for monies paid toward their health and life insurance benefits since January 1984.
 
 
 34
 WE WILL, upon request, bargain collectively with the Union as the exclusive representative of our production and maintenance employees, as described above in the appropriate unit, employed at our Estill, Kentucky, mine.
 
 
 35
 WE WILL offer Don Combs, Jim Graeger, Rick Huff, Jeff Jones, Wayne Pigman, Glen Slone, Drew Blair, Paul Blair, Freddie Hitchcock, Ed Ratliff, Henry Ratliff, and Kenneth Ratliff immediate and full reinstatement to their former jobs or if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed and WE WILL make them whole for any loss of earnings and other benefits resulting from their layoff or discharge, less any net interim earnings plus interest.
 
 
 36
 BLACKFIRE ENTERPRISES, INC. AND G & R COAL COMPANY/(Employers
 
 Dated: ________
 By: ________/(Responsible Official)
 
 37
 ________/(Title)
 
 
 38
 THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE
 
 
 39
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office,
 
 
 40
 Federal Office Building, 550 Main Street, Cincinnati, Ohio 45202; (Telephone: (513) 684-3686).